# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ABEL GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>HLA WIN, et al.,<br><br>    Defendants. | No. 2:19-CV-0434-TLN-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint (ECF No. 6). Plaintiff alleges Defendants violated his rights under the Eighth Amendment.

///
///
///
///
///
///
///
///
///

1

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

///
///
///
///

**II. PLAINTIFF'S ALLEGATIONS**

Plaintiff names the following as defendants: (1) Robert Burton (2) Dr. Hla Win (3) Dr. T. Bzoskie (4) Dr. Malet (5) Dr. Robert Chapnick (6) Dr. Shefanli Awatani (7) Dr. Robert Duncan. See ECF No. 6, at 1, 3. Plaintiff raises four claims. First, Plaintiff alleges Defendants Win, Bzoskie, Malet, Chapnick, Awatani, and Duncan violated his Eighth Amendment right to adequate medical care by denying him medically prescribed orthotic boots Plaintiff requires to manage symptoms of his diabetes. Second, Plaintiff alleges Defendant Win violated his Eighth Amendment right to adequate medical care by prescribing him a previously "failed" medication to treat his severe rosacea that caused allergic reactions. Plaintiff also alleges Defendant Chapnick violated his Eighth Amendment rights to adequate medical care by denying his administrative appeal on the same issue regarding his inability to get a different prescription to treat his rosacea. Defendant Chapnick denied Plaintiff's appeal stating it was not "medically indicated" for Plaintiff to switch from a primary care provider to a dermatology specialist because he was already prescribed the allegedly failed medication. Third, Plaintiff alleges Defendant Win violated his Eighth Amendment right to adequate medical care by ignoring Plaintiff's complaints after a cataract and lens implant replacement surgery in his right eye. Plaintiff allegedly complained to Defendant Win "for months about loss of vision, with pain, swelling and the eye being severally [sic] blood shot." Id. at 21. Plaintiff alleges when he complained to Defendant Win, he was "ignored or denied any medical care or treatment." Id. Lastly, Plaintiff alleges his Eighth Amendment right to adequate medical care was violated when he did not receive his Direct Observation Therapy ("DOT") morphine pain medications on December 19, 2016 and December 21, 2016, but Plaintiff fails to identify any of the named Defendants in this lawsuit.

**III. DISCUSSION**

As currently set forth, this Court finds Plaintiff alleges sufficient facts in his first, second, and third claim to pass screening. However, Plaintiff's fourth claim fails to pass screening because Plaintiff does not make the required designation of a specific Defendant alleged to be responsible for those claims. Further, Plaintiff's claims as against Defendant Robert Burton fail to

pass screening as impermissibly seeking to impose liability under a respondeat superior theory.

### A. **Supervisory Liability**

The Court observes Defendant Robert Burton, who Plaintiff identifies as the warden, holds a supervisory position. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, Plaintiff alleges Defendant Robert Burton is liable as supervisory personnel—asserting that as supervisors, Defendant Burton is liable for the conduct of his subordinates. This is a respondeat superior theory of liability, which is not cognizable under § 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff is advised that in amending the complaint, he should be cognizant of the legal standard related to supervisory liability, outlined above, and note that a supervisor can only be held liable for their own actions or

inactions resulting in the violation of Plaintiff's constitutional rights, not the actions or inactions of their subordinates. Accordingly, all claims against Defendant Burton do not pass screening.

### B. Eighth Amendment

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

1. Denial of Orthotic Boots

This Court finds Plaintiff has alleged sufficient facts to support an Eighth Amendment claim against Defendants Win, Bzoskie, Malet, Chapnick, Awatani, and Duncan under § 1983. Plaintiff alleges Defendants Win, Bzoskie, Malet, Chapnick, Awatani, and Duncan intentionally, and with deliberate indifference, denied Plaintiff his medically prescribed orthotic boots allegedly necessary to control his severe diabetic symptoms. It is reasonable to infer that Defendants, as physicians, had access to Plaintiff's medical records and thus knew Dr. Lori Kohler ordered podiatry orthotics as medically necessary, and Dr. Ruddy, finding Plaintiff's diabetic foot pain at risk of complications, also prescribed soft sole orthotic boots with diabetic inserts. Further, it is reasonable to infer that Defendants intentionally refused to acknowledge the orthotic boot prescription and intentionally denied issuance of the prescription boots to Plaintiff. Accordingly, Defendants' actions resulted in the unnecessary and wanton infliction of pain on Plaintiff. Plaintiff's claim passes screening because Plaintiff alleged sufficient facts to support

the allegation that Defendants Win, Bzoskie, Malet, Chapnick, Awatani, and Duncan acted with deliberate indifference to his serious medical needs.

### 2. Denial of Rosacea Medication

This Court finds Plaintiff has alleged sufficient facts to support an Eighth Amendment claim against Defendant Win and Defendant Chapnick under § 1983. It is reasonable to infer that Defendants Win and Chapnick, as physicians, had access to Plaintiff's medical records and thus knew Dr. Lori Kohler recommended to switch Plaintiff to a different medication because the current one, Metrogel, irritated Plaintiff's skin and made his nose "very red and painful." It is also reasonable to infer that Dr. Joseph Chuddy also recommended to "hold Metrogel" due to Plaintiff's "red swollen nose." Further, it is reasonable to infer that Defendant Win intentionally prescribed Metrogel to Plaintiff, and Defendant Chapnick intentionally denied Plaintiff's appeal for a different medication, despite Metrogel's previous negative side effects.

Accordingly, Defendants' actions resulted in the unnecessary and wanton infliction of pain on Plaintiff. Plaintiff's claim passes screening because Plaintiff alleged sufficient facts to support the allegation that Defendant Win and Defendant Chapnick acted with deliberate indifference to his serious medical needs.

### 3. Eye Pain Complaints Ignored

This Court finds Plaintiff has alleged sufficient facts to support an Eighth Amendment claim against only Defendant Win under § 1983. It is reasonable to infer that Defendant Win, a physician, had access to Plaintiff's medical records and thus knew Dr. Tesluk performed cataract and lens implant replacement surgery in Plaintiff's right eye. Plaintiff alleges for months after the surgery he complained to Defendant Win about "loss of vision, with pain, swelling, and the eye being severally [sic] blood shot." Plaintiff also alleges he utilized California Department of Corrections and Rehabilitation ("CDCR") 7362 medical requests to complain to Defendant Win "about pain and loss of vision" but Defendant Win allegedly ignored Plaintiff and denied medical care. Therefore, it is reasonable to infer that Defendant Win had a sufficiently culpable mind in intentionally and completely denying Plaintiff medical care for his eye pains. <u>Toussaint</u>, 801 F.2d at 1111. Accordingly, Defendants' actions resulted in the

7

unnecessary and wanton infliction of pain on Plaintiff. Plaintiff's claim passes screening because Plaintiff alleged sufficient facts to support the allegation that Defendant Win acted with deliberate indifference to his serious medical needs.

### 4. Not Receiving Medication

This Court finds Plaintiff's allegations that he did not receive DOT medication, thus violating his Eighth Amendment right to adequate medical care, fails to state a cognizable claim under § 1983. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Here, Plaintiff has failed to allege any of the named Defendants had a causal role in depriving Plaintiff of his medication. Because Plaintiff did not specifically name a Defendant or allege a link between the actions of any specific Defendant and the deprivation of his medication, Plaintiff's claim fails to pass screening.

## IV. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection

between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated: July 19, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE