IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ABEL GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>HLA WIN, et al.,<br><br>        Defendants. | No. 2:19-CV-9434-TLN-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the appointment of counsel (ECF No. 3).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Plaintiff states that the appointment of counsel is warranted because he can "barely read." ECF No. 3. According to plaintiff, he obtained the assistance of another inmate in preparing his motion. See id.

In the present case, the court does not at this time find the required exceptional circumstances. Despite plaintiff's assertion he cannot read, the record reflects that plaintiff has been able to read and understand the court's July 19, 2019, screening order sufficiently to make a reasoned and articulate response. See ECF No. 12. There is no indication plaintiff required assistance in preparing his response. Further, the Eighth Amendment claims raised in this case are not novel in terms of the law or facts. Finally, at this stage of the proceedings and on the current record, the court cannot make any assessment of the likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 3) is denied.

Dated: August 13, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE