# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ABEL GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>HLA WIN, et al.,<br><br>    Defendants. | No. 2:19-CV-0434-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint (ECF No. 6). Plaintiff alleges violations of his Eighth Amendment rights.

On July 19, 2019, the court issued a screening order addressing the sufficiency of plaintiff's allegations. See ECF No. 11. The court summarized plaintiff's allegations and claims as follows:

> Plaintiff names the following as defendants: (1) Robert Burton (2) Dr. Hla Win (3) Dr. T. Bzoskie (4) Dr. Malet (5) Dr. Robert Chapnick (6) Dr. Shefanli Awatani (7) Dr. Robert Duncan. See ECF No. 6, at 1, 3. Plaintiff raises four claims. First, Plaintiff alleges Defendants Win, Bzoskie, Malet, Chapnick, Awatani, and Duncan violated his Eighth Amendment right to adequate medical care by denying him medically prescribed orthotic boots Plaintiff requires to manage symptoms of his diabetes. Second, Plaintiff alleges Defendant Win violated his Eighth Amendment right to adequate medical care by prescribing him a previously "failed" medication to treat his severe rosacea that caused allergic reactions. Plaintiff also alleges Defendant Chapnick violated his

1

Eighth Amendment rights to adequate medical care by denying his administrative appeal on the same issue regarding his inability to get a different prescription to treat his rosacea. Defendant Chapnick denied Plaintiff's appeal stating it was not "medically indicated" for Plaintiff to switch from a primary care provider to a dermatology specialist because he was already prescribed the allegedly failed medication. Third, Plaintiff alleges Defendant Win violated his Eighth Amendment right to adequate medical care by ignoring Plaintiff's complaints after a cataract and lens implant replacement surgery in his right eye. Plaintiff allegedly complained to Defendant Win "for months about loss of vision, with pain, swelling and the eye being severally [sic] blood shot." Id. at 21. Plaintiff alleges when he complained to Defendant Win, he was "ignored or denied any medical care or treatment." Id. Lastly, Plaintiff alleges his Eighth Amendment right to adequate medical care was violated when he did not receive his Direct Observation Therapy ("DOT") morphine pain medications on December 19, 2016 and December 21, 2016, but Plaintiff fails to identify any of the named Defendants in this lawsuit.

ECF No. 11, pg. 3.

The court concluded plaintiff alleged sufficient facts to state cognizable claims against all defendants on each claim <u>except</u> the fourth claim and <u>except</u> as against defendant Burton. See id. at 3-4. As to the fourth claim, the court stated:

> This Court finds Plaintiff's allegations that he did not receive DOT medication, thus violating his Eighth Amendment right to adequate medical care, fails to state a cognizable claim under § 1983. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Here, Plaintiff has failed to allege any of the named Defendants had a causal role in depriving Plaintiff of his medication. Because Plaintiff did not specifically name a Defendant or allege a link between the actions of any specific Defendant and the deprivation of his medication, Plaintiff's claim fails to pass screening.

ECF No. 11, pg. 8.

As to defendant Burton, the court stated:

> Here, Plaintiff alleges Defendant Robert Burton is liable as supervisory personnel—asserting that as supervisors, Defendant Burton is liable for the conduct of his subordinates. This is a respondeat superior theory of liability, which is not cognizable under § 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff is advised that in amending the complaint, he should be cognizant of the legal standard related to supervisory liability, outlined above, and note that a supervisor can only be held liable for their own actions or inactions resulting in the violation of Plaintiff's constitutional rights, not the actions or inactions of their subordinates.

Accordingly, all claims against Defendant Burton do not pass screening.

ECF No. 11, pgs. 4-5.

Plaintiff was provided an opportunity to file a second amended complaint addressing the deficiencies outlined above. See id. at 8-9. Plaintiff filed a notice declining to do so. See ECF No. 12.

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's fourth claim based on denial of morphine be dismissed;

2. Defendant Burton be dismissed; and

3. The action proceed on plaintiff's Eighth Amendment claims against defendants Win, Bzoskie, Malet, Chapnick, Awatani, and Duncan.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE